Oakley, J.
The action in this case, is on a special contract, whereby the defendant agreed, that if the plaintiff would purchase and deliver to him the notes of the New-Jersey Manufacturing & Banking Company, and would pay him a certain sum for discounting said notes, that he, the defendant, would take of the plaintiff all such notes as he should so purchase, and pay him the amount thereof, deducting the discount. The plaintiff, under this agreement, purchased the said notes from time to time, and they were taken by the defendant on the stipulated terms, until finally, an amount which the plaintiff had on hand, being offered to the defendant, he did not pay for the same ; and on the same day the Bank failed.
The evidence in the case, and particularly that of the defendant’s witness, substantially supported the declaration.
1. The first objection, on the part of the defendant, to the plaintiffs recovery, is, that there is no consideration for the agreement on which the action is founded. This objection ought regularly to have been presented on a motion in arrest of judgment. The agreement is set forth in the declaration, and if the consideration there stated, is not sufficient to support the defendant’s promise, he might have demurred.
I thinly however, that the objection is not well taken. The agreement, on the part of the defendant, was'to receive the notes if the plaintiff would purchase and deliver them, and pay a certain *481 sum by way of discount, on them. The plaintiff acted under this agreement, and purchased the notes in question, on the faith of it, and the risk assumed, and the expenditure of money made by him in the purchase of the notes, constituted a good consideration for the defendant’s engagement.
2. It is contended, in the second place, that the defendant was not bound to guaranty the solvency of the bank, and that the bank having failed, he could not be required to take the bills. The terms of the agreement were very explicit, to take all the notes that the plaintiff should purchase ; and I should consider, that by its fair construction, the notes were to be purchased at the risk of the defendant. But be that as it may, the notes in question, were presented to the defendant, before the failure of the bank, and there is no evidence to show that at the time of the purchase of them by the plaintiff, he had any reason to suppose that such failure was about to take place. There was then a complete breach of the agreement, on the part of the defendant, before the bank stopped.
3. The plaintiff has no right to recover, under this agreement, the amount of any notes, except such as he had purchased in the course of his business, and in which he had a complete right of property. Among the bills presented by him to the defendant, was a certain sum, pledged to him by one Patten, as security for a loan. The property in these still remains in Patten, and the plaintiff cannot be permitted to recover in this action for his benefit. That sum must therefore be deducted from the verdict.
Judgment for the plaintiff for 83 dollars.
[A. Dey, Att’y for the plff. J. Wyckoff, Att’y for the deft.]